NOT DESIGNATED FOR PUBLICATION

No. 127,563

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH ANTONIO RESTRO-ISAAC,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed May 2, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before CLINE, P.J., ARNOLD-BURGER and GARDNER, JJ.

PER CURIAM: Joseph Antonio Restro-Isaac appeals the revocation of his probation and imposition of his underlying sentence. We granted Restro-Isaac's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no error, we affirm.

*Factual and Procedural Background*

In 2023, Restro-Isaac pleaded guilty to one count of aggravated robbery, a severity level 3 person felony. The district court granted a downward dispositional departure and imposed 36 months' probation with an underlying term of 247 months' imprisonment.

1

Less than two months later, in December 2023, Restro-Isaac admitted to violating the terms of his probation by failing to immediately report for probation intake after his release from custody, failing to be GPS monitored as required, and by submitting a urinalysis that was positive for methamphetamine. As a result, the district court ordered him to serve a 60-day jail sanction and extended his probation for 36 months after.

In early 2024, the State filed two warrants alleging that Restro-Isaac had violated the terms of his probation in several ways, including having committed a new crime—interference with law enforcement—while on probation.

At the April 2024 hearing on these alleged probation violations, the State and Restro-Isaac's probation officer both recommended that he be sanctioned and be reinstated on probation. But after making a new crime finding and noting that Restro-Isaac was on probation due to a dispositional departure, the district court revoked his probation and ordered him to serve a modified prison sentence of 223 months in prison.

Restro-Isaac timely appeals the revocation of his probation and the imposition of a modified underlying prison sentence.

*Did the District Court Err by Revoking Restro-Isaac's Probation?*

Restro-Isaac argues that the district court abused its discretion by revoking his probation and ordering him to serve a modified underlying sentence because both the State and his probation officer recommended that he be sanctioned and then reinstated on probation rather than have his probation revoked. In response, the State argues the district court was well within its discretion to revoke Restro-Isaac's probation and order him to serve the modified prison sentence.

Once the State has proven a probation violation by a preponderance of the evidence, the district court has discretion to revoke probation and impose the underlying sentence, unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); *State v. Goforth*, 65 Kan. App. 2d 108, 120, 561 P.3d 523 (2024) ("[T]he State must prove a probation violation by a preponderance of the evidence."); *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015) ("Once a probation violation has been established, whether to revoke the defendant's probation is a discretionary decision for the district court unless a statute specifically provides otherwise."). This court reviews the district court's revocation of probation for an abuse of discretion. "A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact." *Tafolla*, 315 Kan. at 328. As the party asserting an abuse of discretion, Restro-Isaac bears the burden of establishing such an abuse of discretion. See 315 Kan. at 328.

K.S.A. 22-3716 guides the district court in exercising its discretion after a probation violation has been established. Before revoking a defendant's probation and imposing the probationer's underlying sentence, the district court may impose intermediate sanctions. See K.S.A. 22-3716(c)(1). But a district court may bypass these intermediate sanctions if the offender's probation "was originally granted as the result of a dispositional departure." K.S.A. 22-3716(c)(7)(B). A district court may also revoke probation without first imposing intermediate sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 22-3716(c)(7)(C).

Restro-Isaac does not dispute his probation was granted by a dispositional departure. The district court also found Restro-Isaac committed a new crime while on probation—a clear violation of the terms of his probation under K.S.A. 22-3716(c)(7)(C).

Restro-Isaac argues that the district court abused its discretion in revoking his probation because both the State and his probation officer recommended that he be

sanctioned and then continue on probation. While we understand Restro-Isaac's position, we know that he has the highest possible criminal history score, and he fails to show a fact or law explaining why K.S.A. 22-3716(c)(7)(B) and (c)(7)(C) should not apply or how the district court did not act within its sound discretion. As a result, he fails to show that the district court's action stemmed from an error of law or fact or was otherwise arbitrary, fanciful, or unreasonable.

Our review of the record shows that the district court acted within its discretion and within the applicable guidelines set forth in K.S.A. 22-3716(c)(7)(B) and (c)(7)(C) when it revoked Restro-Isaac's probation and imposed a modified prison sentence. He has failed to show that the district court abused its discretion.

Affirmed.